**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-2810

———————

OSCAR SIFUENTES GARZA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————————————

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A038-098-764)
Immigration Judge: Walter A. Durling

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2016

Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  February 19, 2016)

———————

OPINION*

———————

PER CURIAM

    Oscar Sifuentes Garza ("Sifuentes") petitions for review of the Board of

Immigration Appeals' final order of removal.  For the reasons that follow, we will deny

the petition for review.

———————————

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sifuentes, a native and citizen of Mexico, entered the United States in 1983 as a lawful permanent resident. In March of 2012, he was convicted in the United States District Court for the Southern District of Texas of possession with intent to distribute 146.02 kilograms of marijuana, and sentenced to a term of imprisonment of 60 months. He was stopped by U.S. Border Patrol agents at the checkpoint near Falfurrias, Texas, as he attempted to bring the marijuana into the United States. Sifuentes' criminal record also included a firearms offense from 1995.

On December 9, 2013, the Department of Homeland Security issued him a Notice to Appear for removal proceedings. Sifuentes was charged on three grounds: as an alien convicted of an aggravated felony drug trafficking offense, 8 U.S.C. § 1227(a)(2)(A)(iii); as an alien convicted of a controlled substances offense, 8 U.S.C. § 1227(a)(2)(B)(i); and as an alien convicted of a firearms offense, 8 U.S.C. § 1227(a)(2)(C). Sifuentes applied for asylum, withholding of removal, and protection under the Convention Against Torture, claiming a fear of returning to Mexico because his brother had been murdered in Reynosa in 1988, and because Reynosa is under the control of drug cartels. He testified that he last visited Reynosa in 2011.

On March 31, 2015, the Immigration Judge found Sifuentes removable as an aggravated felon who had been convicted of a drug trafficking offense. The IJ pretermitted his applications for asylum and withholding of removal based on his criminal conviction, but Sifuentes remained eligible to apply for deferral of removal under the Convention Against Torture, 8 C.F.R. § 1208.17(a). However, the IJ determined that he had not shown a likelihood of future torture based on his brother's death, which had occurred more than 30 years before Sifuentes' removal hearing. The IJ

noted the existence of drug cartel violence in Mexico but also noted Sifuentes' admission that he had no idea who killed his brother. The IJ reasoned that Sifuentes' generalized fear of the unknown was not a basis for CAT protection.

On appeal to the Board of Immigration Appeals, Sifuentes argued that he was eligible for asylum and CAT protection, and that his family here in the United States would suffer hardship if he were to be removed to Mexico. He requested additional forms of relief and protection, including cancellation of removal and waivers of deportability. On July 21, 2015, the Board affirmed the IJ's decision and dismissed Sifuentes' appeal. The Board agreed with the IJ that Sifuentes was removable as an aggravated felon who had been convicted of a drug trafficking crime, and that he was thus ineligible for asylum and cancellation of removal, see 8 U.S.C. § 1158(b)(2)(A)(ii) and § 1229b(a)(3), (b)(1)(C). The Board determined that, furthermore, because the sentence for his marijuana trafficking conviction was 60 months, he was ineligible for withholding of removal, see 8 U.S.C. § 1231(b)(3)(B)(ii). The Board also determined that Sifuentes' 2012 conviction rendered him ineligible for a waiver of deportability under former 8 U.S.C. § 1182(c), and added that he had "not articulated sufficient facts to demonstrate" that he was eligible for other waivers of deportability, specifically the relief available under former 8 U.S.C. § 1251(f) and former § 1254. Turning to his application for CAT protection, the Board concluded that Sifuentes had not shown a likelihood of torture in Mexico, emphasizing his long absence from Mexico.

Sifuentes has timely petitioned for review, 8 U.S.C. § 1252(b)(1). He does not challenge that he is removable as charged, and he does not challenge the agency's determinations that he is statutorily ineligible for withholding of removal, cancellation of

3

removal, or waivers of deportability. He has therefore waived any such claims. See

Vente v. Gonzales, 415 F.3d 296, 299 n.3 (3d Cir. 2005) (deeming claim waived and

declining to address it where party's brief makes only passing reference to it).

We will deny the petition for review. Sifuentes argues that it is more likely than

not that he will be killed in Mexico by drug cartel members due to the conduct that

triggered his removal proceedings, and he asks generally that he be allowed to apply for

asylum. Petitioner's Brief, at 2. A CAT applicant must show that "it is more likely than

not that [he] would be tortured in the proposed country of removal." 8 C.F.R. §

1208.16(c)(3). "Torture is defined as any act by which severe pain or suffering, whether

physical or mental, is intentionally inflicted on a person for such purposes as obtaining ...

information or a confession, punishing [him] ... for an act [he] has committed or is

suspected of having committed, intimidating or coercing, or for any reason based on

discrimination of any kind." 8 C.F.R. § 1208.18(a)(1). The torture must be "inflicted by

or at the instigation of or with the consent or acquiescence of" an official person. Id.

The Immigration & Nationality Act precludes review of final orders against aliens

who, like Sifuentes, are removable for having been convicted of an aggravated felony, 8

U.S.C. § 1252(a)(2)(C), except that we may review constitutional claims and questions of

law, id. at § 1252(a)(2)(D). Kaplun v. Att'y Gen. of U.S., 602 F.3d 260 (3d Cir. 2010),

held that whether future torture is likely turned on two questions: "(1) what is likely to

happen to the petitioner if removed; and (2) does what is likely to happen amount to the

legal definition of torture?" Id. at 271. The first question is factual; only the second is

legal and thus reviewable. Id. See also Pieschacon-Villegas v. Att'y Gen. of U.S., 671

4

F.3d 303, 310 (3d Cir. 2011) (same). The IJ concluded that Sifuentes had not shown what, if anything, would happen to him upon returning to Mexico, and the Board agreed. Put another way, the agency denied Sifuentes' CAT application because it did not show that anything in the nature of torture is likely to happen to Sifuentes in Mexico. This is not a determination we may review. See Green v. Att'y Gen. of U.S., 694 F.3d 503, 506 (3d Cir. 2012).

To the extent that Sifuentes has argued that his right to due process was violated when the IJ impeded his ability to obtain an attorney, Petitioner's Brief, at 2, the claim is unexhausted. An alien must exhaust all administrative remedies available to him as a prerequisite to raising a claim before this Court. 8 U.S.C. § 1252(d)(1). Failure to present an issue to the agency constitutes a failure to exhaust, thus depriving us of jurisdiction to consider it. See Lin v. Att'y Gen. of U.S., 543 F.3d 114, 119-20 (3d Cir. 2008). Exhaustion of administrative remedies is satisfied so long as the alien makes some effort to place the agency on notice of the issue, see Joseph v. Att'y Gen. of U.S., 465 F.3d 123, 126 (3d Cir. 2006), and we have commented that our "exhaustion policy" is "liberal," id., but Sifuentes plainly did not make this due process argument before the Board. In any event, the argument lacks merit. To make out a procedural due process violation, Sifuentes must show both a violation and prejudice as a result of the violation. See Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005) (discussing substantial prejudice standard). Here, Sifuentes has not demonstrated that he was prejudiced as a result of the IJ's decision to go forward with his removal proceedings. Moreover, he has never identified what additional information he believes an attorney would have helped him present.

5

Last, Sifuentes also requested asylum, Petitioner's Brief, at 2, 5, but, as the Board noted, his aggravated felony drug trafficking conviction renders him ineligible for asylum, 8 U.S.C. § 1158(b)(2)(A)(ii).

For the foregoing reasons, we will deny the petition for review.